UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JIHAD CHASE**<br>    **FED. REG. # 32237-007** | **CIVIL ACTION NO. 11-1235** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN, FEDERAL CORRECTIONAL**<br>**CENTER, OAKDALE** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2254, by petitioner Jihad Chase. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). Petitioner names the FCIO Warden as his defendant herein. Petitioner attacks his 2002 conviction for various felony offenses imposed by the Superior Court of the District of Columbia.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Background*

In 2002 petitioner was convicted of aggravated assault while armed, possession of a fire arm during a crime of violence, carrying a pistol without a license, possession of an unregistered fire arm, unlawful possession of ammunition, and contempt. Doc. 4, att. 2, p. 5. On direct appeal to the District of Columbia Court of Appeals, petitioner's conviction was affirmed in part and reversed in part. Doc. 7, p. 2. The Court of Appeals decided petitioner's appeal without a

published opinion. *See Chase v. United States*, 930 A.2d 267 (D.C. 2007) (table), *cert. denied*, 129 S. Ct. 185 (2008).

Petitioner also filed a motion in the Superior Court under the Innocence Protection Act claiming actual innocence and requesting a new trial. An evidentiary hearing was held and the motion was denied on October 4, 2010. *Chase v. Rathman*, 1:11-cv-75 (U.S. District Court, District of Columbia), doc. 2, p. 1.

In January of 2011 petitioner collaterally attacked his conviction by filing a petition for writ of *habeas corpus* in the U.S. District Court, District of Columbia. *Id.* at doc. 1. On February 22, 2011, his writ was denied. *Id.* at docs. 2 & 3.

Petitioner filed the instant petition for writ of *habeas corpus* on June 23, 2011. Doc. 1. He argues actual innocence and ineffective assistance of counsel. Doc. 1, p. 4. Petitioner raised these same claims in his previous writ of *habeas corpus. See* doc. 1, p. 5.

*Law and Analysis*

Petitioner filed the present petition on the form for 28 U.S.C. § 2254 h*abeas* matters by inmates in state custody. Petitioner is in the custody of the BOP; however, a motion to vacate filed pursuant to 28 U.S.C. §2255 or its District of Columbia equivalent D.C. Code § 23-110 allows BOP inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Article 23-110(g) of the DC Code provides "[an] application for a writ of *habeas corpus* on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or

ineffective to test the legality of his detention." This provision is virtually identical to 28 U.S.C. § 2255(e).

Thus, both 28 U.S.C. § 2255 and its D.C. equivalent, § 23-110, provide a "savings clause." Both statutes provide that a district court in the place of incarceration may address the merits of a claim about a conviction or sentence under its 28 U.S.C. § 2241 jurisdiction, but only if the petitioner makes a threshold showing that the remedy by collateral attack (§ 2255 or D.C.Code § 23-110) is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5; D.C.Code § 23-110(g).

Petitioner seeks to collaterally attack his District of Columbia convictions. Thus, petitioner's claim is more appropriately raised in a § 23-110 Motion. Petitioner may use § 2241 to challenge the legality of his conviction but only if he satisfies the § 23-110 "savings clause." *Compare Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 or § 23-110 motion's remedy is "inadequate or ineffective to test the legality of his detention."

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 or § 23-110 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 or § 23-110 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 or § 23-110 motion was unsuccessful or that the petitioner is unable to meet the statute's

second or successive requirement, does not make § 2255 or § 23-110 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or previous *habeas* petition. He has failed to show that his § 23-110 remedies are ineffective and inadequate under the Savings Clause. Instead, he argues in a conclusory fashion that § 23-110 is inadequate and ineffective to test the legality of petitioner's detention because his claim, if granted, affects the accuracy and constitutionality of the conviction and is a complete miscarriage of justice to one actually innocent. Doc. 7, p. 5.

Therefore, since petitioner has not established that he is entitled to rely on the "savings clause" the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Tran v. Conner*, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

IT IS RECOMMENDED THAT the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 26th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE